{¶ 66} I concur with the majority's opinion. The issue is whether the trial court properly prohibited counsel from cross-examining the victim regarding certain conduct pursuant to R.C. 2907.02(D), Ohio's rape shield law. R.C. 2907.02(D) allows evidence of the victim's past sexual activity where, as in this case, the activity is between the victim and the offender, but "only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value."
 {¶ 67} Recently, federal courts have scrutinized the Confrontation Clause issues surrounding Ohio's rape shield law. For example, inLewis v. Wilkinson (C.A.6, 2002), 307 F.3d 413, 420, the trial court prohibited the defendant from introducing excerpts of the victim's diary, as the evidence did not fall within the rape shield law set forth in R.C. 2907.02(D). The Sixth Circuit Court of Appeals reversed, finding that the statements were more probative than prejudicial since they potentially went to both the issues of *Page 19 
consent and the victim's motive in pressing charges against the defendant. Id. at 420-421. Therefore, by excluding the excerpts from the victim's diary, the defendant was denied his Sixth Amendment right to confrontation. Id. at 422.
 {¶ 68} In the instant case, defense counsel requested an in-camera hearing to evaluate whether the "inflammatory or prejudicial nature" of the evidence to be given at trial was outweighed by the probative value. The trial court properly granted Mr. Egli an in-camera hearing to determine whether the balance weighed in favor of allowing the evidence and testimony. However, at this hearing, Mr. Egli did not introduce any specific evidence that the trial court could review. The prior statements or admissions of the victim regarding the victim's past sexual activity with the offender may have, in fact, resulted in some probative evidence that outweighed the inflammatory or prejudicial nature of the statements. However, there was no testimony at the hearing or in the record as to whom the statements were made, when the statements were made, who was present when they were made, or any other specifics. These specifics were necessary to allow the trial court to assess whether the statements were credible, reliable, and probative. The only statement presented by Mr. Egli's counsel at the hearing was that the victim had "in fact bragged to others that she and Mr. Egli engaged in what could be described as rough sex."
 {¶ 69} In Lewis, the exact evidence the defense was seeking to introduce, i.e., the diary, was in the record, allowing the court to properly evaluate its probative value. Lewis v. Wilkinson,307 F.3d at 417. However, in the instant case, Mr. Egli did not provide the trial court with any specifics concerning the testimony so that it could assess *Page 20 
its credibility and determine whether the probative value of the evidence was outweighed by its inflammatory or prejudicial nature.
 {¶ 70} Finally, the fact is that at trial, the purported testimony would have been of no benefit to Mr. Egli. With regard to the November 8, 2007 incidents, the ones for which he was convicted, Mr. Egli's and the victim's testimony were vastly different. He claims she never said no to him. She testified she begged and pleaded with him to stop. Mr. Egli denies ever laying his hands on the victim. She claims he physically abused her. He denies even having sexual relations in the morning on that date, and their versions of events for the afternoon are diametrically opposed. He admits to some of the sex acts, but denies virtually everything else to which the victim testified. If Mr. Egli's testimony was that the abusive events described by the victim occurred, but that the victim consented to them, then evidence of prior "rough sex" between Mr. Egli and the victim may have been relevant to show that the victim consented to the acts in question. However, since Mr. Egli's testimony was that the alleged abusive events did not occur, or that he does not remember them occurring, evidence of the prior sexual conduct is not relevant. As a result, the trial court did not abuse its discretion in excluding the testimony.